UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Jerry Muhammad, | ) | CASE NO. 5:17 CV 1657 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Owner of Giant Auto, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Jerry Muhammad has filed this action against the owner of at Giant Auto in Tallmadge, Ohio, and a mechanic at Giant Auto, David. (Doc. No. 1.) He alleges he had his truck towed to Giant Auto to rebuild his transmission in May, but the mechanic sold him faulty parts. He alleges his transmission subsequently failed, and that the defendants have refused to fix his truck or to honor his warranty. He seeks monetary damages.

Federal courts are courts of limited jurisdiction and must dismiss any case in which they determine federal subject-matter jurisdiction is lacking. *See Nagalingam v. Wilson, Sowards, Bowling & Costanzo*, 8 F. App'x 486, 487, 2001 WL 493392 (6th Cir. May 1, 2001). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Here, the Court must *sua*

*sponte* dismiss this action for lack of subject-matter jurisdiction.

Federal subject-matter jurisdiction may be asserted under 28 U.S.C. §1331 when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Mich. South. R.R. Co. v. Branch &. St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). The face of the plaintiff's complaint does not present a federal question, or allege a federal cause of action. Rather, the claims the plaintiff alleges, for breach of contract and warranty, arise under state law. Federal subject-matter jurisdiction may be asserted over state-law claims under 28 U.S.C. §1332 when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §1332. The plaintiff's complaint, however, does not allege a valid basis for an exercise of diversity jurisdiction over his state-law claims. The plaintiff indicates all the parties are located or reside in Ohio, and he does not allege damages in excess of $75,000.

## Conclusion

Accordingly, this action is dismissed for lack of federal subject-matter jurisdiction. The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. 1915(a)(3).

IT IS SO ORDERED.

Date: September 13, 2017           */s/ John R. Adams*
                                   JOHN R. ADAMS
                                   UNITED STATES DISTRICT JUDGE